TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Julius Macatangay

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julius Macatangay, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Regional Acceptance Corporation d/b/a Regional Credit Corporation; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, Plaintiff, Julius Macatangay, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") and repeated invasions of Plaintiff's personal privacy by Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Julius Macatangay (hereafter "Plaintiff"), is an adult individual residing in Phoenix, Arizona 85016, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Defendant, Regional Acceptance Corporation d/b/a Regional Credit Corporation (hereafter "Regional"), is a company with an address of 150 Fayetville Street, Box 1011, Raleigh, North Carolina, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Agents") are individual agents employed by Regional and whose identities are currently unknown to Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Regional at all times acted by and through one or more of the Agents.

## **FACTS**

8. In or around March of 2012, Regional began placing calls Plaintiff's cellular telephone, number 704-XXX-3371, in an attempt to collect a consumer debt allegedly owed by Plaintiff (the "Debt").

9. Regional placed calls to Plaintiff's cellular telephone by using an automated telephone dialing system ("ATDS") and/or an artificial or prerecorded voice ("Robocalls").

10. When Plaintiff answered the calls from Regional, he was met with a prerecorded message instructing him to return Regional's call.

11. During a live conversation in April of 2012, Plaintiff requested that Regional cease calling his cellular telephone as the calls were harassing.

12. Despite Plaintiff's unequivocal request, Regional continued calling Plaintiff at an excessive and harassing rate, placing over one hundred (100) Robocalls to Plaintiff's cellular telephone.

# COUNT I

# VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –

# 47 U.S.C. § 227, et seq.

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times mentioned herein, Regional called Plaintiff on his cellular telephone by using an automated telephone dialing system ("ATDS") and/or an artificial or prerecorded voice ("Robocalls").

15. Plaintiff revoked consent to receive any calls from Regional in April of 2012. As such, each ATDS and/or Robocall after revocation was made without prior express consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

16. Regional continued to place ATDS and/or Robocalls to Plaintiff's cellular telephone after being advised to cease calls.  Accordingly, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The telephone number called by Regional was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18. The calls from Regional to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

4

19. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call pursuant to 47 U.S.C. § 227(b)(3)(B).

20. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

23. Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Arizona state law.

24. Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the aforementioned ATDS and/or Robocalls.

25. The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a

substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

26.     The conduct of Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

27.     As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

28.     All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

    A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

    B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

    C. Actual damages;

    D. Punitive damages; and

    E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  October 10, 2014                LEMBERG LAW, LLC


By: <u>  /s/   *Trinette G. Kent*         </u>
Trinette G. Kent

Attorney for Plaintiff,
Julius Macatangay